IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BOYER, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
|   v. | : | |
| | : | |
| SUPERINTENDENT PIAZZA, et al., | : | NO. 06-3630 |
|     Respondents. | : | |

**REPORT AND RECOMMENDATION**

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

      Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution at Coal Township, Pennsylvania. For the reasons which follow, it is recommended that the petition be DENIED and DISMISSED.

I.    PROCEDURAL HISTORY

      On March 6, 2001, following a jury trial presided over by the Honorable Jacqueline C. Cody, petitioner was convicted of sixty-five (65) counts of possession of a controlled substance (cocaine), sixty-five (65) counts of possession of a controlled substance with intent to deliver (cocaine), and seven (7) counts of criminal conspiracy. On April 27, 2001, the trial court sentenced petitioner to a term of not less than twenty-two (22) years nor more than forty-four (44) years imprisonment.

      Petitioner filed a direct appeal to the Superior Court of Pennsylvania. On May 20, 2002, the Superior Court affirmed petitioner's judgement of sentence. Petitioner did not file a

petition for allowance of appeal with the Supreme Court of Pennsylvania.

On February 16, 2003, petitioner filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, et seq. The court appointed the Chester County Public Defender's Office to represent petitioner. An amended PCRA petition was filed on June 30, 2003. On September 10, 2003, the PCRA court held a hearing. On October 30, 2003, the PCRA court denied petitioner's PCRA petition. Petitioner appealed to the Superior Court. The Superior Court affirmed the PCRA court's dismissal on March 31, 2005. Petitioner filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which the court dismissed as untimely. Petitioner filed an application to file a petition for allowance of appeal *nunc pro tunc*. On June 28, 2005, petitioner's application to file a petition for allowance of appeal *nunc pro tunc* was denied.

On September 12, 2005, petitioner filed a second PCRA petition. On December 29, 2005, the PCRA court dismissed petitioner' second PCRA petition as untimely.

On August 15, 2006, petitioner filed the instant petition seeking habeas corpus relief, claiming:

1. Petitioner's conviction was obtained in violation of the constitutional principal of double jeopardy;
2. Petitioner's conviction was against the sufficiency and the weight of the evidence; and
3. Commonwealth committed sentencing entrapment.

Respondent asserts that this petition is time barred and must be dismissed, as petitioner is not entitled to habeas review or relief. We agree.

II.   TIMELINESS

Petitioner's allegations of substantive grounds for relief need not be examined, as these claims are barred by the procedural obstacle of timeliness. A strict one-year time limitation on the filing of new petitions is set forth in the federal habeas statute, 28 U.S.C. § 2241, et seq., which was amended under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted on April 24, 1996. Under section 2244(d), the AEDPA provides:

> A 1-year period of limitation shall apply to an applicant for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244 (d)(1) (1996).

This statute also creates a tolling exception which notes that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2254(d)(2). A "properly filed application" is "one submitted

according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). If a petitioner files an out of time application and the state court dismisses it as time-barred, then it is not deemed to be a "properly filed application" for tolling purposes. Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

In the case at bar, petitioner's judgment of sentence was affirmed by the Superior Court on May 20, 2002. Petitioner then had thirty days from the entry of the Superior Court order to seek review by the Pennsylvania Supreme Court. Petitioner never appealed to the Pennsylvania Supreme Court. Accordingly, direct review ceased on June 19, 2002. Thus, petitioner had until June 19, 2003 in order to file a timely petition for Writ of Habeas Corpus. Petitioner filed a PCRA petition on August 23, 2002. The statute of limitation was then tolled, after sixty-six (66) days of petitioners one year time limit had passed. The PCRA court dismissed the petition on October 30, 2003. The Superior Court affirmed the PCRA court's dismissal on March 31, 2005. Petitioner filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied as untimely. Petitioner's untimely petition for allowance of appeal did not toll the statute of limitations. The AEDPA statute of limitations started to run again on March 31, 2005, the date the Superior court denied petitioner's PCRA appeal. Petitioner then had just under ten months left to file a petition for Writ of Habeas Corpus. The instant habeas petition was not filed until August 15, 2006 approximately seven months after the deadline for filing, leaving this court with no choice but to dismiss the request for relief as untimely without consideration on the merits.

One avenue of relief remains for petitioner. The statute of limitations set forth in

the AEDPA is subject to equitable tolling. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Id. (quotation omitted). The Third Circuit has set forth three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted). "In non-capital cases, attorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001), cert. denied, 122 S. Ct. 323 (2001) (citing cases). Petitioner has failed to argue that any valid circumstances exist to equitably toll the statute of limitations, and thus the habeas petition must be dismissed in its entirety.

Therefore, I make the following:_____

RECOMMENDATION

AND NOW, this _____ day of December, 2006, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED AND DISMISSED.

It is also RECOMMENDED that a certificate of appealability not be granted.

BY THE COURT:

 /S LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE